# Messerschmidt v. Fritz, Appellant.

*Deeds—Reservation—Waters—Case for jury.*

Where an owner of two adjoining tracts of land conveys one tract reserving the right to build and maintain thereon a small reservoir "for the purpose of securing water for family use from a stream flowing through the said land," and a subsequent owner of the land conveyed, claiming that the reservation in the deed was limited to a certain small stream, and did not include the flow of the water from a spring nearby, constructed a concrete well around the spring and thereafter the flow from the older reservoir was reduced from two inches to less than half an inch, and the evidence is conflicting as to whether the flow of the water from the spring contributed to the supply of water in the older reservoir, the question as to whether it did so contribute, is a question for the jury.

Argued Dec. 7, 1915. Appeal, No. 88, Oct. T., 1915, by defendant, from judgment of C. P. Schuylkill Co., July T., 1913, No. 352, on verdict for plaintiff in case of Wm. H. Messerschmidt v. Alvin Fritz. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for an alleged diversion of water. Before BRUMM, J.

The facts are stated in the opinion of the Superior Court.

The court charged in part as follows:

"[This is an action brought by William H. Messerschmidt against Alvin Fritz claiming that Alvin Fritz had diverted water from a spring, the flow of which, he claimed, entered into a reservoir that was erected by the plaintiff, and that by building a concrete wall around his spring and across the face of the pipe or wooden box through which the water ran from the spring. to the reservoir, not right up against the box, but a piece away from the box in the body of the spring, under his own evidence, that by reason of that concrete, the water was prevented from running through this box into his reservoir, and that he appropriated the water for his own use, that is, the defendant, by pumping it out of that spring to his own premises."

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"The .first testimony introduced was the appearance docket and the deedbook showing title in this plaintiff. That has not been disputed. So you need not worry or consider that in any other sense than that the plaintiff had a right as he claims to that water, and then it resolves itself simply to the question whether he was interfered with in the enjoyment of that right.]" (1)

Verdict and judgment for plaintiff for $1,150. Defendant appealed.

432   MESSERSCHMIDT *v.* FRITZ, Appellant.

Assignment of Error—Opinion of the Court. [63 Pa. Superior Ct.

*Error assigned,* among others, was portion of charge as above quoting it.

*A. L. Shay, A. C. Sherman* and *T. H. Lyon,* for appellant.—The rule that a deed or grant must be construed most strongly against the grantor, applies with special force to a reservation or restriction in a deed, whereby there is a withholding something from the grant: Klaer v. Ridgway, 86 Pa. 529; Duross v. Singer, 224 Pa. 573-575; Sheffield Water Co. v. Elk Tanning Co., 225 Pa. 614; Filbert v. Dechert, 22 Pa. Superior Ct. 362; Washington Borough v. Steiner, 25 Pa. Superior Ct. 392; Frankford, Etc., Ry. Co., v. Philadelphia, 175 Pa. 120; Root v. Com., 98 Pa. 170.

If the jury were instructed that the plaintiff had a right as he claimed, to the water of the spring, then we submit such instruction was error.

*S. M. Enterline,* of *Enterline & Enterline,* for appellee.

OPINION BY KEPHART, J., July 18, 1916:

When the defendant's land was conveyed to his predecessor in title the deed contained the following reservation: "The said parties of the first part hereby reserve unto themselves their heirs and assigns the right to build, erect, set up and maintain a small reservoir eight feet square for the purpose of securing water for family use from a stream flowing through the said land herein described, said reservoir to be about twelve rods from the long south line......and the further right to enter upon the said land each and every spring and autumn to examine said reservoir and pipes doing as little damage thereby as possible and the further right to repair the said reservoir and pipes whenever the same may become actually necessary and to enter upon the said land for that purpose doing as little damage as possible." A reservoir was erected, from which a pipe line was laid to

the plaintiff's house, and for a very long period of time he enjoyed the benefit of this supply of water. The defendant believed that the reservation in the deed was limited to a small stream to the east of the reservoir and that it did not include the flow of water from a spring located a short distance therefrom. The flow of water from this spring, according to the defendant, never entered the reservoir; and it was dry for four years prior to the defendant's rebuilding the walls of the spring, and placing a concrete wall or reservoir between the plaintiff's reservoir and this spring. The plaintiff had a two-inch flow of water from his reservoir before the defendant's reservoir was built, and afterwards it was reduced to less than a half-inch.

The question presented to the court was whether, under the reservation in the deed, the flow from the spring was a part of or contributed to the stream of water which ran into the plaintiff's reservoir. If it was, there was no question but that the flow of water was interfered with. Considerable testimony was taken and after a careful examination of it we are convinced that the trial court did not err in submitting this question to the jury. Whether the flow of water seeped through the ground and was lost, or went into the reservoir, or whether there was an underground passage or surface passage with the flow of water above or below the pipe or box laid from the spring to the reservoir, was, under all the contradictions of testimony, for the jury. The court could not say as a matter of law that the stream, if there was one which came from this spring, could be distinguished from the stream on the east side. If the water from this spring contributed to the supply of water in the plaintiff's reservoir, as herein indicated, the plaintiff had a right to that use and any deprivation of such right to his detriment was answerable in damages. The third, fourth, sixth, seventh and eighth assignments of error are overruled.

The charge of the court was fair and the comments on

the evidence were not prejudicial to the defendant.   The trial judge did not attempt to lead the jury to believe that the plaintiff had established his right to this water from the spring, but left that question wholly to the jury under all the facts as developed.   If the plaintiff established the disputed facts in his favor, then the reservation in the deed covered them.

The assignments of error are all overruled and the judgment is affirmed.